# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV280-W

| | |
|---|---|
| ELGIN MASON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **MEMORANDUM AND RECOMMENDATION** |
| | ) **AND ORDER** |
| HARTFORD LIFE AND | ) |
| ACCIDENT INSURANCE | ) |
| COMPANY a/k/a THE | ) |
| HARTFORD | ) |
| | ) |
| Defendant | ) |
| | ) |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss" (document #6) and "Memorandum ... in Support ..." (document #7), both filed July 15, 2008; and the Plaintiff's "Opposition ... " (document #9) filed July 31, 2008. On August 13, 2008, the Defendant filed its "Reply ..." (document #11).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

### I. PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiff, Elgin Mason, is a former employee of Fidelity National Financial, Inc., which offered its employees, including the Plaintiff, an employee benefits plan that included long term

disability ("LTD") insurance issued and administered by the Defendant Hartford Life and Accident Insurance Company. Accepting the allegations of the Complaint as true, sometime prior to October 13, 2006, and as the result of an unspecified medical condition, the Plaintiff applied for and initially was granted LTD benefits.

On October 13, 2006, the Defendant terminated the Plaintiff's LTD benefits, a decision the Plaintiff apparently appealed administratively without success.

On May 21, 2008, the Plaintiff filed the subject Complaint in the Superior Court of Mecklenburg County, North Carolina. As the Plaintiff states in her present brief, discussed below, although she pled state law claims for breach of contract, misrepresentation, fraud, and unfair and deceptive trade practices, the factual basis for each of those claims is the Defendant's decision to discontinue her LTD benefits.

On June 18, 2008, the Defendant removed the state court case to federal court, citing the existence of exclusive federal question jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, <u>et seq.</u> ("ERISA").

On July 15, 2008, the Defendant moved to dismiss the Complaint on the grounds that the Plaintiff's state law claims are entirely preempted by ERISA.

In her responsive brief, and although the Plaintiff protests generally that her state law claims are not preempted, she concedes that the subject LTD insurance policy is governed by ERISA. Moreover, concerning the factual basis underlying her claims, the Plaintiff states as follows:

1. Breach of Contract claim

> [T]he [P]laintiff has provided numerous documents to the [D]efendant that prove that she has been medically determined to be disabled and that she is entitled to receive LTD benefits.... However, the Plaintiff's claim for LTD benefits has been denied by

the [D]efendant. The actions of the [D]efendant in willfully denying the [P]laintiff LTD benefits pursuant to the contractual agreement with the [P]laintiff breached the contract....

Plaintiff's "Opposition ... " at 4-5 (document #9).

2. Misrepresentation claim

[T]he [P]laintiff's state law claim for misrepresentation in the instant matter is based upon the fact that [P]laintiff was informed by the [D]efendant that she was eligible to receive LTD benefits should she become disabled.

Id. at 5.

3. Unfair and Deceptive Trade Practices claim

The [P]laintiff's state law claim for unfair and deceptive trade practices is raised pursuant to the fact that the [D]efendant owed the [P]laintiff the duty of fair and ethical dealings in their business and employment relationship.... This duty was breached by the [D]efendant when [Defendant] failed to pay the [P]laintiff LTD benefits when she first became disabled and the duty was breached again by the [D]efendant when the [P]laintiff provided [D]efendant with proof of her total and permanent disability and said [D]efendant still refused to provide [P]laintiff with LTD benefits....

Id.

4. Fraud claim

The [P]laintiff's state law claim for fraud is based upon the fact that the [D]efendant in this matter accepted [P]laintiff's payments of premiums for the purpose of paying long-term disability payments upon the commencement of a disability of the [P]laintiff[.] At the time that the [D]efendant accepted said payments [Defendant] had no intention of paying the [P]laintiff any LTD benefits.

Id. at 6.

The Defendant's Motion to Dismiss has been fully briefed and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the United States Supreme Court's most recent examination of this standard, it explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . . And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

ERISA is a comprehensive statute enacted to establish a nationally uniform body of law regulating private employee benefit plans. See FMC Corporation v. Holliday, 498 U.S. 52, 58

4

(1990). As a means to attain that goal, § 514(a) of ERISA provides for federal preemption of "any and all state laws insofar as they may now or hereafter <u>relate to</u> any employee benefit plan..." (emphasis added).

The United States Supreme Court has interpreted § 514(a)'s term "relate to" expansively. See <u>FMC Corporation</u>, 498 U.S. at 58 ("the preemption clause is conspicuous for its breadth"); <u>and Pilot Life Insurance Company v. Dedeaux</u>, 481 U.S. 41, 47 (1987) (any state law which "relates to" an ERISA-regulated plan is preempted, and "relates to" is given its common sense meaning, as "having connection with or reference to" such a plan). <u>Accord</u> <u>Ingersoll-Rand v. McLendon</u>, 498 U.S. 133, 137 (1990) (state law claim for wrongful discharge sought to recover plan benefits which plaintiff allegedly would have received preempted); <u>Pilot Life</u>, 481 U.S. at 47-48 (state law claim for bad faith processing of benefits claim preempted); <u>Bedrick v. Travelers Ins. Co.</u>, 93 F.3d 149, 151 (4th Cir. 1996) (where failure to pay benefits was only allegation, unfair and deceptive trade practice claim preempted); <u>Custer v. Pan American Life Insurance Company</u>, 12 F.3d 410, 418 (4th Cir. 1993) (state law claim for payment of medical plan benefits alleged to be wrongfully withheld preempted); <u>Powell v. Chesapeake & Potomac Telephone Company of Virginia</u>, 780 F.2d 419, 421 (4th Cir. 1985) (state law claims for intentional infliction of emotional distress, breach of contract, breach of an implied covenant of good faith and fair dealing, and state unfair trade practices act were preempted by ERISA where claims were in nature of claim for improper denial of disability benefits under defendant's employee benefits plan); <u>and Lippard v. Unumprovident Corp.</u>, 261 F.Supp.2d 368, 376-77 (M.D.N.C. 2003) (concluding where all claims arose from core allegation that employer failed to pay benefits, unfair and deceptive trade practices claim preempted).

Finally, and as the Defendant concedes in its reply brief, where a complaint consists solely

5

of state law claims, each of which is preempted by ERISA, rather than dismiss the complaint in its entirety, the accepted course is for the court to recharacterize the plaintiff's principal state law claim (typically, as in this case, a breach of contract claim) as a claim for benefits pursuant to ERISA § 502(a)(1)(B), with its exclusive provisions for remedies, while dismissing all remaining claims for relief. See, e.g., Singh v. Prudential Health Care Plan, Inc., 335 F.3d 278, 290 (4th Cir.), cert. denied, 540 U.S. 1073 (2003); Darcangelo v. Verizon Communications, 292 F.3d 181, 195 (4th Cir. 2002); and Lippard, 261 F. Supp. 2d at 376-77.

Applying these legal principles to the record in this case, clearly the Plaintiff's state law claims are preempted, and the Plaintiff is limited to pursuing a claim for unpaid benefits under ERISA § 502(a)(1)(B). As the Plaintiff concedes in her brief, quoted above, each of her claims arises from the Defendant's decision to terminate her LTD benefits. The Plaintiff may not evade ERISA's preemptive grasp by labeling what is essentially a claim for unpaid benefits as claims for breach of contract, misrepresentation, fraud, or unfair and deceptive trade practices, or by asserting that the Defendant breached a "duty of ethical and fair dealings" or had "no intention of paying" LTD benefits. Accord Ingersoll-Rand, 498 U.S. at 137 (state law claim for wrongful discharge sought to recover plan benefits which plaintiff allegedly would have received preempted); Pilot Life, 481 U.S. at 47-48 (state law claim for bad faith processing of benefits claim preempted); Bedrick, 93 F.3d at 151 (where failure to pay benefits was only allegation, unfair and deceptive trade practice claim preempted); Custer, 12 F.3d at 418 (state law claim for payment of medical plan benefits alleged to be wrongfully withheld preempted); Powell, 780 F.2d at 421 (state law claims for intentional infliction of emotional distress, breach of contract, breach of an implied covenant of good faith and fair dealing, and state unfair trade practices act, were preempted by ERISA where claims

were in nature of claim for improper denial of disability benefits under Defendant's employee benefits plan); and Lippard, 261 F.Supp.2d at 376-77 (since all claims arose from core allegation that employer failed to pay benefits, unfair and deceptive trade practices claim preempted).

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss" (document #6) be **GRANTED IN PART** and **DENIED IN PART**, that is, that Plaintiff's state law breach of contract claim be recharacterized as a claim for benefits pursuant to ERISA § 502(a)(1)(B) with its exclusive provisions for remedies, and that the Plaintiff's remaining state law claims be **DISMISSED WITH PREJUDICE**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

**SO RECOMMENDED AND ORDERED**.

Signed: August 21, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge