# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-00280-FDW

| | |
|---|---|
| ELGIN MASON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HARTFORD LIFE AND ACCIDENT )<br>INSURANCE CO., )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER comes now before the Court upon Memorandum and Recommendation ("M&R") of United States Magistrate Judge Carl Horn, III, recommending that "Plaintiff's state law breach of contract claim be recharacterized as a claim for benefits pursuant to ERISA § 502(a)(1)(B) with its exclusive provisions for remedies, and that the Plaintiff's remaining state law claims be DISMISSED WITH PREJUDICE. " (Doc. No. 12.) The time for filing objections as provided in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) has expired, and no objections have been filed by either party.

The district court conducts a de novo review of those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

After a careful review of the record, the Court finds that the magistrate judge's findings and recommendations are neither clearly erroneous nor inconsistent with governing law. Thus, the Court hereby accepts the M&R of Magistrate Judge Horn and adopts it as the final disposition of Defendant's Motion to Dismiss.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss (Doc. No. 6) be GRANTED IN PART and DENIED IN PART. Plaintiff's state law breach of contract claim is hereby recharacterized as a claim for benefits pursuant to ERISA § 502(a)(1)(B) with its exclusive provisions for remedies. Plaintiff's remaining state law claims are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.                    Signed: September 15, 2008

*[signature]*

Frank D. Whitney
United States District Judge